

# STATE OF ALABAMA
# PROCLAMATION
## BY THE GOVERNOR

**WHEREAS** the Alabama Emergency Management Act of 1955, as amended, confers upon the Governor the power to proclaim a state of emergency when a public health emergency has occurred or is reasonably anticipated in the immediate future, *see* Ala. Code § 31-9-8;

**WHEREAS** the State Health Officer has reported the appearance of the 2019 novel coronavirus known as COVID-19 in the State of Alabama; and

**WHEREAS** the appearance of COVID-19 in the State indicates the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people;

**NOW, THEREFORE,** I, Kay Ivey, Governor of the State of Alabama, on the recommendation of the State Health Officer and pursuant to relevant provisions of the Alabama Emergency Management Act of 1955, as amended, Ala. Code §§ 31-9-1 *et seq.*, do hereby declare that a state public health emergency exists in the State of Alabama. I direct the appropriate state agencies to exercise their statutory and regulatory authority to assist the communities and entities affected. I also direct the Alabama Department of Public Health and the Alabama Emergency Management Agency to seek federal assistance as may be available.

**FURTHER,** I hereby proclaim and direct all of the following:

### I. Alternative standards of care

I find that COVID-19 cases could overwhelm the health care facilities and personnel of this State and undermine their ability to deliver patient care in the traditional, normal, and customary manner or using the traditional, normal, and customary standards of care. To that end:

A. Health care facilities that have invoked their emergency operation plans in response to this public health emergency may implement the "alternative standards of care" plans provided therein, and those alternative standards of care are declared to be the state-approved standard of care in health care facilities to be executed by health care professionals and allied professions and occupations providing services in response to this outbreak.

B. These alternative standards of care shall serve as the "standard of care" as defined in section 6-5-542(2), Code of Alabama, for the purposes of section 6-5-540 *et seq.* The "degree of care" owed to patients by licensed, registered, or certified health care professionals for the purposes of section 6-5-484 shall be the same degree of care set forth in the alternative-standards-of-care plans. To the extent that the provisions of section 6-5-540 *et seq.* are inconsistent with this order, those provisions are hereby suspended.

1



C. All health care professionals and assisting personnel executing the alternative-standards-of-care plans in good faith are hereby declared to be "Emergency Management Workers" of the State of Alabama for the purposes of Title 31 of the Code of Alabama.

D. The State Health Officer shall inform members of the public on how to protect themselves and on the actions being taken in response to this public health emergency.

E. Any person suspected or confirmed as having COVID-19 shall obey the instructions given or communicated by the State Health Officer, or his designee, to prevent the spread of disease pursuant to section 22-11A-7, Code of Alabama. Instructions may include, but are not limited to, specific directions to be followed related to necessary self-monitoring, quarantine, and isolation. I direct all relevant state agencies to consult with the State Health Officer and provide all appropriate assistance to assure compliance with such instructions.

## II. Price gouging

In accordance with sections 8-31-1 through 8-31-6 of the Code of Alabama, all persons are hereby placed on notice that it is unlawful for any person within the State of Alabama to impose unconscionable prices (i.e., to engage in "price gouging") for the sale or rental of any commodity or rental facility during the period of a declared state of emergency.

## III. School closures

Any affected school system that is closed as a direct result of its response to COVID-19 and that loses student days or employee days, or both, may appeal to the State Superintendent of Education for relief in fulfilling the local school calendar with respect to student days or employee days, or both, with no loss of income to employees. *See* Ala. Code § 16-13-231(b)(1)c.2.

## IV. State-government office closures

State government offices may be closed at the direction of the Governor. State agency heads will receive instructions from the Governor's Office or the State Personnel Director if closures are authorized.

## V. Waiver of certain federal hours-of-service requirements

Pursuant to 49 C.F.R. § 390.23, this declaration of a state of emergency facilitates a waiver of certain regulations of the U.S. Department of Transportation-Federal Motor Carrier Safety Administration (FMSCA), including 49 C.F.R. Part 395 (Hours of Service for Drivers), as it relates to the provision of emergency-or disaster-related materials, supplies, goods, and services. This waiver shall terminate at the earliest of (1) the conclusion of the motor carrier's or driver's direct assistance in providing emergency relief; (2) 30 days from the initial declaration of emergency; (3) the issuance of a proclamation terminating this State of Emergency; or (4) any other time dictated by the FMCSA's regulations. Motor carriers that have an out-of-service order in effect may not take advantage of the relief from regulation that this declaration provides under 49 C.F.R. § 390.23.

FURTHER, I declare that this proclamation and all subsequent orders, laws, rules, or regulations issued pursuant hereto shall remain in full force and effect for the duration of the public health emergency unless rescinded or extended by proclamation.



**IN WITNESS WHEREOF,** I have hereunto set my hand and caused the Great Seal to be affixed by the Secretary of State at the State Capitol in the City of Montgomery on this 13th day of March, 2020.

Kay Ivey

Kay Ivey
Governor

ATTEST:

John H. Merrill
Secretary of State

3

## ORDER OF THE STATE HEALTH OFFICER
## SUSPENDING CERTAIN PUBLIC GATHERINGS
## DUE TO RISK OF INFECTION BY COVID-19

### (APPLICABLE TO BLOUNT, SAINT CLAIR,
### SHELBY, TUSCALOOSA AND WALKER COUNTIES)

**WHEREAS,** Coronavirus Disease 2019 (COVID-19) has been detected in Alabama; and

**WHEREAS,** the appearance of COVID-19 in the State poses the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people; and

**WHEREAS,** on March 13, 2020, on recommendation of the State Health Officer, Kay Ivey, Governor of the State of Alabama, declared a state public health emergency exists in the State of Alabama; and

**WHEREAS,** on March 16, 2020, the Jefferson County Health Officer, in response to a rapidly growing number of cases of COVID-19 being detected in Jefferson County, issued an order suspending certain public gatherings in that county; and

**WHEREAS,** there are certain to be many more undetected cases of COVID-19 in Jefferson County, and its surrounding counties; and

**WHEREAS,** the State Board of Health has designated COVID-19 to be a disease of epidemic potential, a threat to the health and welfare of the public, or otherwise of public health importance; and

**WHEREAS,** *Code of Ala. 1975*, § 22-3-5(2), authorizes a County Health Officer to "institute immediate measures to prevent the spread" of diseases so designated by the State Board of Health; and

**WHEREAS,** *Code of Ala. 1975*, § 22-2-2(7), authorizes the State Health Officer, on behalf of the State Board of Health, to exercise the duties of county health officer in counties having no County Health Officer.

**NOW THEREFORE, THESE PREMISES CONSIDERED,** it is ordered that the following be implemented in Blount, Saint Clair, Shelby, Tuscaloosa, and Walker Counties:

1. Effective today, March 17, 2020, at 5:00 P.M., all gatherings of 25 persons or more, or gatherings of any size that cannot maintain a consistent six-foot distance between persons, are prohibited until further notice. This Order shall apply to all gatherings, events or activities that bring 25 or more persons in a single room or single space at the same time.

4

2. Effective Wednesday, March 18, 2020, all Senior Citizen Center gatherings shall be closed.

     a.     Senior Citizen Centers and their partners are urged to assure that their clients continue to receive needed meals via curbside pick-up or delivery.

3. Effective at the close of school or business Wednesday, March 18, 2020, all the following shall be closed until April 6, 2020:

     a.     Private Schools (all grades through 12th grade)

     b.     Preschools and childcare centers with 12 or more children. This shall not apply to childcare centers operated within hospitals.

Prior to April 6, 2020, a determination shall be made about whether to extend the above closures.

4. Effective immediately, all Nursing Home/Long Term Care Facilities shall prohibit visitation of all visitors and non-essential health care personnel, except for certain compassionate care situations such as end-of-life.

5. Effective today, March 17, 2020, at 5:00 P.M., any restaurant, bar, brewery or Priority Category 3 food service establishment shall not permit on-premises consumption of food or drink for one week. This order shall be reevaluated prior to the end of one week for possible modification.

     a.     Such establishments may continue to offer food for take-out or delivery provided the social distancing protocols including maintaining a consistent six-foot distance between persons are followed.

     b.     Such establishments are strongly encouraged to offer online ordering and curbside pick-up of food.

     c.     Hospital food service areas are excluded from this order provided they have their own social distancing plan.

6. If the organizer or sponsor of an otherwise suspended event desires, they may submit a request for an exemption from this order, at the discretion of the State Health Officer. While the State Health Officer is under no obligation to grant such an exemption, it shall be fairly considered based on the following criteria:

     a.     Effective measures have been taken to identify those attending the event that may potentially be affected with COVID-19, including but not limited to personal testing for the disease or submission of current medical clearances to the organizer.

     b.     Effective measures have been taken to prevent the spread of infection even by those that are infected while not symptomatic, including the provision of anti-infection measures such as proper facemasks, personal sanitation measures, and other measures that may be considered proper.



Requests for an exemption must be submitted AT LEAST two weeks in advance of any scheduled event.

This Order shall remain in full force and effect for the duration of the existence of the current emergency conditions.

Done on this 17 day of March, 2020.

Scott Harris, M.D., M.P.H.
State Health Officer

3

6



STATE OF ALABAMA
# PROCLAMATION
BY THE GOVERNOR

**WHEREAS**, on March 13, 2020, I declared the existence of a state public health emergency based on the appearance of the 2019 novel coronavirus known as COVID-19 in the State of Alabama;

**WHEREAS** that initial proclamation included provisions designed to assist in preventing the spread of COVID-19 and in mitigating the consequences of COVID-19;

**WHEREAS**, on March 16, 2020, President Donald J. Trump and the Centers for Disease Control and Prevention ("CDC") issued the "15 Days to Slow the Spread" guidance advising individuals to adopt far-reaching social-distancing measures, such as working from home and avoiding gatherings of more than 10 people; and

**WHEREAS** new implications of COVID-19 come to light on a continual basis, requiring flexibility and adaptability by all levels of government within the State of Alabama;

**NOW, THEREFORE**, I, Kay Ivey, Governor of the State of Alabama, pursuant to relevant provisions of the Alabama Emergency Management Act of 1955, as amended, Ala. Code §§ 31-9-1 *et seq.*, do hereby proclaim the existence of conditions that warrant implementation of additional extraordinary measures and relief during the state health emergency now in effect in order to guard public health and protect human life. I therefore proclaim and direct all of the following:

## I. Rescheduling of the March 31, 2020, Primary Runoff Election

I find that conducting the primary runoff election currently scheduled for March 31, 2020, poses a serious public-health threat because there is not enough time before then to implement best practices for safely conducting an election under conditions related to COVID-19. To that end:

A. The primary runoff election scheduled for March 31, 2020, is hereby rescheduled to July 14, 2020.

B. Nothing in this section shall be construed to alter, amend, or modify any other provision of state law regarding the conduct of this primary runoff election. The Secretary of State and appropriate election officials shall take all reasonable efforts to publicize voter registration and absentee-voting opportunities.

C. The Secretary of State shall amend his Administrative Calendar to reflect the rescheduled primary runoff date and provide a copy to all appropriate election officials via certified mail and email. The Secretary of State shall also provide an amended copy of the Alabama Fair Campaign Practices Act filing calendar to all

candidates and committees participating in the rescheduled primary runoff election.

## II. School Closures

This supplemental proclamation shall ratify my previous order, issued orally on March 13, 2020, requiring the closure of all K-12 public schools at the end of the day Wednesday, March 18, 2020, with reopening scheduled for the start of school on Monday, April 6, 2020, should circumstances permit. Nothing in this section shall supersede any decision or order issued prior to the date of this supplemental proclamation that require school closures to a greater extent than required by this section. The State Superintendent of Education and State Health Officer shall consult with one another on a continuing basis and provide recommendations to me, as warranted, regarding the opening or closure of schools in response to COVID-19.

## III. Open Meetings Act

I find that the government response to COVID-19 requires a careful balance between concerns for public health and safety (including the effectiveness of COVID-19 mitigation strategies), for the continued operations of governmental body, and for the right of the public to the open conduct of government. To that end:

A. Notwithstanding any provision of the Open Meetings Act, members of a governmental body may participate in a meeting—and establish a quorum, deliberate, and take action—by means of telephone conference, video conference, or other similar communications equipment if:

    1. Any deliberation conducted, or action taken, during the meeting is limited to matters within the governmental body's statutory authority that is (a) necessary to respond to COVID-19 or (b) necessary to perform essential minimum functions of the governmental body; and

    2. The communications equipment allows all persons participating in the meeting to hear one another at the same time.

B. Governmental bodies conducting a meeting pursuant to this section are encouraged, to the maximum extent possible, to use communications equipment that allows members of the public to listen to, observe, or participate in the meeting.

C. No less than twelve hours following the conclusion of a meeting conducted pursuant to this section, a governmental body shall post a summary of the meeting in a prominent location on its website—or, if it has no website, in any other location or using any other method designed to provide reasonable notice to the public. The summary shall recount the deliberations conducted and the actions taken with reasonable specificity to allow the public to understand what happened.

D. Nothing in this section shall be construed to alter, amend, or modify any other provision of the Open Meetings Act, including the notice requirements found in section 36-25A-3 and the enforcement, penalty, and remedy provisions found in section 36-25A-9. Any action or actions taken in violation of paragraph A will be deemed invalid.

E. To the maximum extent possible, the terms used in this section shall have the same meaning as the terms defined in section 36-25A-2 of the Open Meetings Act.

#### IV. Procurement of emergency-related supplies

I find that state agencies and local awarding authorities may be required to procure goods or services to properly and adequately respond to the public health threat posed by COVID-19. Therefore, my emergency proclamation dated March 13, 2020, shall satisfy the notice and writing requirements of the emergency provisions found in sections 41-16-23 and 41-16-53 of the competitive bid law. I hereby authorize state agencies and local awarding authorities to enter into contracts for goods and services without public advertisement to the extent necessary to respond to COVID-19. State agencies and local awarding authorities shall maintain accurate and fully itemized records of all expenditures made pursuant to this section.

#### V. Reimbursement for certain state employees

I proclaim that it is fair, reasonable, and appropriate that those State of Alabama employees who are required to perform response services away from their home base of operations be reimbursed for the actual expenses they incur while performing these services on behalf of the State of Alabama. Therefore, I authorize the reimbursement of actual and necessary expenses, as prescribed by the Fiscal Policies and Procedures Manual, for state employees who have been, are being, or may be called away from their home base in response to this state of emergency. All such claims for expense reimbursement must be reasonable and must be certified as such by the employee's agency head or appointing authority.

FURTHER, to the extent a provision of this supplemental proclamation conflicts with any provision of state law, such law is hereby suspended for the duration of this state of emergency, and this proclamation shall control.

FURTHER, I declare that this proclamation and all subsequent orders, laws, rules, or regulations issued pursuant hereto shall remain in full force and effect for the duration of the public health emergency unless rescinded or extended by proclamation.



IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal to be affixed by the Secretary of State at the State Capitol in the City of Montgomery on this 18th day of March, 2020.

_Kay Ivey_
Kay Ivey
Governor

ATTEST:

_J. H. Merrill_
John H. Merrill
Secretary of State

9

## ORDER OF THE STATE HEALTH OFFICER
## SUSPENDING CERTAIN PUBLIC GATHERINGS
## DUE TO RISK OF INFECTION BY COVID-19

### (APPLICABLE STATEWIDE)

**WHEREAS,** Coronavirus Disease 2019 (COVID-19) has been detected in Alabama; and

**WHEREAS,** the appearance of COVID-19 in the State poses the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people; and

**WHEREAS,** the State Board of Health has designated COVID-19 to be a disease of epidemic potential, a threat to the health and welfare of the public, or otherwise of public health importance; and

**WHEREAS,** on March 13, 2020, on recommendation of the State Health Officer, Kay Ivey, Governor of the State of Alabama, declared a state public health emergency exists in the State of Alabama; and

**WHEREAS,** on March 16, 2020, the Jefferson County Health Officer, in response to a rapidly growing number of cases of COVID-19 being detected in Jefferson County, issued an order suspending certain public gatherings in that county; and

**WHEREAS,** on March 17, 2020, the State Health Officer issued a similar order for counties surrounding Jefferson, including Blount, Saint Clair, Shelby, Tuscaloosa, and Walker Counties, and

**WHEREAS,** further social distancing measures are necessary to be implemented on a statewide basis to prevent the spread of COVID-19; and

**WHEREAS,** *Code of Ala. 1975,* § 22-2-2(4), authorizes the State Health Officer, on behalf of the State Board of Health, to direct that conditions prejudicial to health in public places within the State be abated;

**NOW THEREFORE, THESE PREMISES CONSIDERED,** it is ordered that the following be implemented statewide:

1. Effective today, March 19, 2020, at 5:00 P.M., all gatherings of 25 persons or more, or gatherings of any size that cannot maintain a consistent six-foot distance between persons, are prohibited. This Order shall apply to all gatherings, events or activities that bring 25 or more persons in a single room or single space at the same time.

2. Effective today, March 19, 2020, at 5:00 P.M., all beaches shall be closed. For purposes of this section, the term "beach" means the sandy shoreline area abutting the Gulf of Mexico, whether privately or publicly owned, including beach access points.

3. Effective Friday, March 20, 2020, all Senior Citizen Center gatherings shall be closed. Senior Citizen Centers and their partners are urged to assure that their clients continue to receive needed meals via curbside pick-up or delivery.

4. Effective at the close of school or business today, March 19, 2020, the following shall be closed:

a. All schools, public and private, including but not limited to: elementary, secondary, postsecondary, technical, or specialty schools, and colleges and universities. This school closure order is not intended to prevent any employers from making continued necessary staffing decisions. Employers are authorized to advise employees to work from home or maintain flexible work schedules. If working from home is not feasible, the employee should practice social distancing, maintaining consistent six-foot distance between persons, for the duration of this order and follow public health guidelines.

b. Preschools and childcare centers.

(1) This shall not apply to childcare centers operated for the exclusive benefit of essential employees of the following categories of employers: State and Local Governments, First Responders (including EMS and Fire Services), Law Enforcement, Hospitals, Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities), End Stage Renal Disease Treatment Centers, Pharmacies and Grocery Stores. For this exception to apply, the childcare center must be employer-operated and located on the premises of, or in the immediate vicinity of, one of these enumerated categories of employers, and a parent or guardian of each child shall be readily available. The childcare center must meet local and state fire and health requirements.

(2) This shall also not apply to licensed childcare centers that contract to provide services exclusively to the above-named employers, or that provide services exclusively to children of essential employees of the above-named employers.

(3) This shall also not apply to daytime special activities programs provided by local boards of education for children of essential employees of the above-named employers if those children were between the ages of 6 and 12 as of March 13, 2020.

(4) In the childcare centers and special activities programs addressed in (1), (2), and (3) above, no more than 11 children shall be allowed in any one room at the same time, and operators of these centers and programs are encouraged to use enhanced sanitation practices consistent with guidance from the CDC and the Alabama Public Department of Public Health.

5. Effective immediately, all Hospitals and Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities) shall prohibit visitation of all visitors and non-essential health care personnel, except for certain compassionate care situations such as maternity and end-of-life.

*11*

6. Effective immediately, all elective dental and medical procedures shall be delayed.

7. Effective today, March 19, 2020, at 5:00 P.M., all restaurants, bars, breweries, or similar establishments shall not permit on-premises consumption of food or drink.

    a.     Such establishments may continue to offer food for take-out or delivery provided the social distancing protocols including maintaining a consistent six-foot distance between persons are followed.

    b.     Such establishments are strongly encouraged to offer online ordering and curbside pick-up of food.

    c.     Hospital food service areas are excluded from this order provided they have their own social distancing plan.

8. If organizers or sponsors of otherwise suspended events desire, they may submit a request for an exemption from this order, at the discretion of the State Health Officer. While the State Health Officer is under no obligation to grant such an exemption, it shall be fairly considered based on the following criteria:

    a.     Effective measures have been taken to identify those attending the event who may potentially be affected with COVID-19, including but not limited to personal testing for the disease or submission of current medical clearances to the organizer.

    b.     Effective measures have been taken to prevent the spread of infection even by those that are infected while not symptomatic, including the provision of anti-infection measures such as proper facemasks, personal sanitation measures, and other measures that may be considered proper.

Requests for an exemption must be submitted AT LEAST two weeks in advance of any scheduled event.

9. Prior to April 6, 2020, a determination shall be made whether to extend this Order.

Upon the effective dates and times set forth above, this Order supersedes all orders previously issued by the State Health Officer and Jefferson and Mobile County Health Officers, and shall remain in full force and effect until rescinded by order of the State Health Officer. The Jefferson and Mobile County Health Officers are authorized, after consultation with the State Health Officer, to implement more stringent measures as local circumstances require.

Done on this ___19___ day of March, 2020.

Scott Harris, M.D., M.P.H.
State Health Officer

12



# STATE OF ALABAMA
# PROCLAMATION
## BY THE GOVERNOR

**WHEREAS,** on March 13, 2020, I declared the existence of a state public health emergency based on the appearance of the 2019 novel coronavirus known as COVID-19 in the State of Alabama;

**WHEREAS** that initial proclamation included provisions designed to assist in preventing the spread of COVID-19 and in mitigating the consequences of COVID-19;

**WHEREAS,** on March 18, 2020, I issued a supplemental proclamation to further address the occurrence of COVID-19 in the State of Alabama; and

**WHEREAS** new implications of COVID-19 come to light on a continual basis, requiring flexibility and adaptability by all levels of government within the State of Alabama;

**NOW THEREFORE,** I, Kay Ivey, Governor of the State of Alabama, pursuant to the relevant provisions of the Alabama Emergency Management Act of 1955, as amended, Ala. Code §§ 31-9-1, *et seq.*, do hereby proclaim the existence of conditions that warrant implementation of additional extraordinary measures and relief during the state health emergency now in effect in order to guard public health and protect human life. I therefore proclaim and direct all of the following:

### I. Transportation of Emergency Equipment, Services, and Supplies

I instruct the appropriate agencies to take the necessary steps and issue the appropriate documents to expedite the movement of vehicles or vehicles and loads that are transporting emergency equipment, services and supplies related to COVID-19 response and mitigation efforts subject to the following rules:

A. Documents issued under authority of this proclamation shall be subject to approval and clearance by the Alabama Department of Transportation and the Alabama Law Enforcement Agency and shall cover designated state routes.

B. The director of the Alabama Department of Transportation, or his designee, may issue waivers for vehicles or combinations of vehicles and loads, whether those loads are divisible or non-divisible, with weights, dimensions, or combinations thereof exceeding the maximum limits specified by law.

C. Transporters are responsible for ensuring that they have proper oversize signs, markings, flags, and escorts as defined in the State of Alabama's rules and regulations.

D. Insurance requirements shall not be waived.

E. Nothing in this proclamation shall be construed to allow any vehicle to exceed the weight limits posted for bridges and like structures, nor shall anything in this proclamation be construed to relieve any vehicle or the carrier, owner, or driver of any vehicle from compliance with any restrictions other than those specified in this proclamation, or from any statute, rule, order, or other legal requirement not specifically waived herein.

**FURTHER,** to the extent a provision in this supplemental proclamation conflicts with any provision of state law, that law is hereby suspended for the duration of this state of emergency, and this proclamation shall control.

**FURTHER,** I declare that this proclamation and all subsequent orders, laws, rules, or regulations issued pursuant hereto shall remain in full force and effect for the duration of the public health emergency unless rescinded or extended by proclamation.



IN WITNESS, WHEREOF, I have hereunto set my hand and caused the Great Seal to be affixed by the Secretary of State at the State Capitol in the City of Montgomery on this 20th day of March, 2020.

Kay Ivey

Kay Ivey
Governor

ATTEST:

John H. Merrill
Secretary of State

*14*

# ORDER OF THE STATE HEALTH OFFICER
# SUSPENDING CERTAIN PUBLIC GATHERINGS
# DUE TO RISK OF INFECTION BY COVID-19

## (APPLICABLE STATEWIDE)

### AMENDED MARCH 20, 2020

**WHEREAS,** Coronavirus Disease 2019 (COVID-19) has been detected in Alabama; and

**WHEREAS,** the appearance of COVID-19 in the State poses the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people; and

**WHEREAS,** the State Board of Health has designated COVID-19 to be a disease of epidemic potential, a threat to the health and welfare of the public, or otherwise of public health importance; and

**WHEREAS,** on March 13, 2020, on recommendation of the State Health Officer, Kay Ivey, Governor of the State of Alabama, declared a state public health emergency exists in the State of Alabama; and

**WHEREAS,** on March 16, 2020, the Jefferson County Health Officer, in response to a rapidly growing number of cases of COVID-19 being detected in Jefferson County, issued an order suspending certain public gatherings in that county; and

**WHEREAS,** on March 17, 2020, the State Health Officer issued a similar order for counties surrounding Jefferson, including Blount, St. Clair, Shelby, Tuscaloosa, and Walker Counties, and

**WHEREAS,** further social distancing measures are necessary to be implemented on a statewide basis to prevent the spread of COVID-19; and

**WHEREAS,** Ala. Code § 22-2-2(4), authorizes the State Health Officer, on behalf of the State Board of Health, to direct that conditions prejudicial to health in public places within the State be abated;

**NOW THEREFORE, THESE PREMISES CONSIDERED,** it is ordered that the following be implemented statewide:

1. Effective today, all non-work related gatherings of 25 persons or more, or non-work related gatherings of any size that cannot maintain a consistent six-foot distance between persons, are prohibited. Employers shall take all reasonable steps to meet these standards for employees and customers.

1

*15*

2. Effective March 19, 2020, at 5:00 P.M., all beaches shall be closed. For purposes of this section, the term "beach" means the sandy shoreline area abutting the Gulf of Mexico, whether privately or publicly owned, including beach access points.

3. Effective Friday, March 20, 2020, all regular programs at Senior Citizen Centers shall be ended except that Senior Citizen Centers and their partners are urged to assure that their clients continue to receive needed meals via curbside pick-up or delivery.

4. Effective today, the following shall be closed:

a. In-person instruction or classes at all schools, public and private, including but not limited to: elementary, secondary, postsecondary, technical, or specialty schools, and colleges and universities.

(1) This order is not intended to prevent any employers from making continued necessary staffing decisions. Employers are authorized to advise employees to work from home or maintain flexible work schedules. If working from home is not feasible, the employee should practice social distancing, maintaining consistent six-foot distance between persons, for the duration of this order and follow public health guidelines.

(2) This order shall not apply to daytime special activities programs provided by local boards of education for children, ages 6 through 12 as of March 13, 2020, of First Responders (including EMS and Fire Services) and Licensed Healthcare Providers, and their essential employees, and essential employees of the following categories of employers: State and Local Governments, Law Enforcement, Hospitals, Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities), End Stage Renal Disease Treatment Centers, Pharmacies, and Grocery Stores. In these special activities programs, 12 or more children shall not be allowed in any one room at the same time, and operators of these programs are encouraged to use enhanced sanitation practices consistent with guidance from the Centers for Disease Control and Prevention and the Alabama Department of Public Health.

b. Facilities providing child day care, including any child day care facility described in Ala. Code § 38-7-2, at which 12 or more children are in a room or other enclosed or separated space at the same time. Center employees are encouraged to use enhanced sanitation and social-distancing practices consistent with guidance from the Centers for Disease Control and Prevention and the Alabama Department of Public Health. This Order does not change the Minimum Standards for Day Care promulgated by the Alabama Department of Human Resources, except that 12 or more children shall not be allowed in a room or other enclosed or separated space at the same time.

5. Effective immediately, all Hospitals and Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities) shall prohibit visitation of all visitors, as defined by the facility, and non-essential health care personnel, except for certain compassionate care situations such as maternity and end-of-life.

6. Effective immediately, all elective dental and medical procedures shall be delayed.

2

*16*

7. Effective March 19, 2020, at 5:00 P.M., all restaurants, bars, breweries, or similar establishments shall not permit on-premises consumption of food or drink.

   a.    Such establishments may continue to offer food for take-out or delivery provided the social distancing protocols, including maintaining a consistent six-foot distance between persons, are followed.

   b.    Such establishments are strongly encouraged to offer online ordering and curbside pick-up of food.

   c.    Hospital food service areas are excluded from this order provided they have their own social distancing plan.

8. If organizers or sponsors of otherwise suspended events desire, they may submit a request for an exemption from this order, at the discretion of the State Health Officer. While the State Health Officer is under no obligation to grant such an exemption, it shall be fairly considered based on the following criteria:

   a.    Effective measures have been taken to identify those attending the event who may potentially be affected with COVID-19, including but not limited to personal testing for the disease or submission of current medical clearances to the organizer.

   b.    Effective measures have been taken to prevent the spread of infection even by those that are infected while not symptomatic, including the provision of anti-infection measures such as proper face masks, personal sanitation measures, and other measures that may be considered proper.

9. Prior to April 6, 2020, a determination shall be made whether to extend this Order.

Upon the effective dates and times set forth above, this Order supersedes all orders previously issued by the State Health Officer and Jefferson and Mobile County Health Officers, and shall remain in full force and effect until rescinded by order of the State Health Officer. The Jefferson and Mobile County Health Officers are authorized, after approval by the State Health Officer, to implement more stringent measures as local circumstances require.

Done on this 30th day of March, 2020.

Scott Harris, M.D., M.P.H.
State Health Officer

3

17

## ORDER OF THE STATE HEALTH OFFICER
## SUSPENDING CERTAIN PUBLIC GATHERINGS
## DUE TO RISK OF INFECTION BY COVID-19

### (APPLICABLE STATEWIDE)

#### AMENDED MARCH 27, 2020

**WHEREAS,** Coronavirus Disease 2019 (COVID-19) has been detected in Alabama; and

**WHEREAS,** the appearance of COVID-19 in the State poses the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people; and

**WHEREAS,** the State Board of Health has designated COVID-19 to be a disease of epidemic potential, a threat to the health and welfare of the public, or otherwise of public health importance; and

**WHEREAS,** on March 13, 2020, on recommendation of the State Health Officer, Kay Ivey, Governor of the State of Alabama, declared a state public health emergency exists in the State of Alabama; and

**WHEREAS,** on March 16, 2020, the Jefferson County Health Officer, in response to a rapidly growing number of cases of COVID-19 being detected in Jefferson County, issued an order suspending certain public gatherings in that county; and

**WHEREAS,** on March 17, 2020, the State Health Officer issued a similar order for counties surrounding Jefferson, including Blount, St. Clair, Shelby, Tuscaloosa, and Walker Counties, and

**WHEREAS,** on March 19, 2020, the State Health Officer issued an order, and on March 20, 2020, an amended order, of statewide application suspending certain public gatherings;

**WHEREAS,** further social distancing measures are necessary to be implemented on a statewide basis to prevent the spread of COVID-19; and

**WHEREAS,** Ala. Code § 22-2-2(4), authorizes the State Health Officer, on behalf of the State Board of Health, to direct that conditions prejudicial to health in public places within the State be abated;

**NOW THEREFORE, THESE PREMISES CONSIDERED,** it is ordered that the following be implemented statewide:

1. Effective March 28, 2020 at 5:00 P.M., all non-work related gatherings of 10 persons or more, or non-work related gatherings of any size that cannot maintain a consistent six-foot

*18*

distance between persons, are prohibited. Employers shall take all reasonable steps to meet these standards for employees and customers.

2. Effective March 28, 2020 at 5:00 P.M., the following "non-essential" businesses, venues, and activities shall be closed to non-employees or not take place:

a.    Entertainment venues as follows:
- (1) Night clubs
- (2) Bowling alleys
- (3) Arcades
- (4) Concert venues
- (5) Theaters, auditoriums, and performing arts centers
- (6) Tourist attractions (including museums and planetariums)
- (7) Racetracks
- (8) Indoor children's play areas
- (9) Adult entertainment venues
- (10) Casinos
- (11) Bingo halls
- (12) Venues operated by social clubs

b.    Athletic facilities and activities as follows:
- (1) Fitness centers and commercial gyms
- (2) Spas and public or commercial swimming pools
- (3) Yoga, barre, and spin facilities
- (4) Spectator sports
- (5) Sports that involve interaction with another person of closer than 6 feet
- (6) Activities that require use of shared sporting apparatus and equipment
- (7) Activities on commercial or public playground equipment

c.    Close-contact service providers as follows:
- (1) Barber shops
- (2) Hair salons
- (3) Waxing salons
- (4) Threading salons
- (5) Nail salons and spas
- (6) Body-art facilities and tattoo services
- (7) Tanning salons
- (8) Massage-therapy establishments and massage services

d.    Retail stores as follows:
- (1) Furniture and home-furnishings stores
- (2) Clothing, shoe, and clothing-accessory stores
- (3) Jewelry, luggage, and leather goods stores
- (4) Department stores
- (5) Sporting goods stores
- (6) Book, craft, and music stores

19

3. Effective March 19, 2020, at 5:00 P.M., all beaches shall be closed. For purposes of this section, the term "beach" means the sandy shoreline area abutting the Gulf of Mexico, whether privately or publicly owned, including beach access points.

4. Effective Friday, March 20, 2020, all regular programs at Senior Citizen Centers shall be ended except that Senior Citizen Centers and their partners are urged to assure that their clients continue to receive needed meals via curbside pick-up or delivery.

5. Effective today, the following shall be closed:

a.      In-person instruction or classes at all schools, public and private, including but not limited to: elementary, secondary, postsecondary, technical, or specialty schools, and colleges and universities.

(1) This order is not intended to prevent any employers from making continued necessary staffing decisions. Employers are authorized to advise employees to work from home or maintain flexible work schedules. If working from home is not feasible, the employee should practice social distancing (by maintaining consistent six-foot distance between persons) and follow public health guidelines.

(2) This order shall not apply to daytime special activities programs provided by local boards of education for children, ages 6 through 12 as of March 13, 2020, of First Responders (including EMS and Fire Services) and Licensed Healthcare Providers, and their essential employees, and essential employees of the following categories of employers: State and Local Governments, Law Enforcement, Hospitals, Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities), End Stage Renal Disease Treatment Centers, Pharmacies, and Grocery Stores. In these special activities programs, 12 or more children shall not be allowed in any one room at the same time, and operators of these programs are encouraged to use enhanced sanitation practices consistent with guidance from the Centers for Disease Control and Prevention and the Alabama Department of Public Health.

b.      Facilities providing child day care, including any child day care facility described in Ala. Code § 38-7-2, at which 12 or more children are in a room or other enclosed or separated space at the same time. Center employees are encouraged to use enhanced sanitation and social-distancing practices consistent with guidance from the Centers for Disease Control and Prevention and the Alabama Department of Public Health. This Order does not change the Minimum Standards for Day Care promulgated by the Alabama Department of Human Resources, except that 12 or more children shall not be allowed in a room or other enclosed or separated space at the same time.

6. Effective immediately, all Hospitals and Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities) shall prohibit visitation of all visitors, as defined by the facility, and non-essential health care personnel, except for certain compassionate care situations such as maternity and end-of-life.

7. Effective March 28, 2020 at 5:00 P.M., all dental, medical, or surgical procedures shall be postponed until further notice, subject to the following exceptions:

a. Dental, medical, or surgical procedures necessary to treat an emergency medical condition. For purposes of this order, "emergency medical condition" is defined as a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain, psychiatric disturbances, and/or symptoms of substance abuse) such that the absence of immediate medical attention could reasonably be expected by a person's licensed medical provider to result in placing the health of the person in serious jeopardy or causing serious impairment to bodily functions or serious dysfunction of bodily organs.

b. Dental, medical, or surgical procedures necessary to avoid serious harm from an underlying condition or disease, or necessary as part of a patient's ongoing and active treatment.

8. Effective March 19, 2020, at 5:00 P.M., all restaurants, bars, breweries, or similar establishments shall not permit on-premises consumption of food or drink.

a. Such establishments may continue to offer food for take-out or delivery provided the social distancing protocols, including maintaining a consistent six-foot distance between persons, are followed.

b. Such establishments are strongly encouraged to offer online ordering and curbside pick-up of food.

c. Hospital food service areas are excluded from this order provided they have their own social distancing plan.

9. If organizers or sponsors of otherwise suspended events desire, they may submit a request for an exemption from this order. While the State Health Officer is under no obligation to grant such an exemption, it shall be fairly considered based on the following criteria:

a. Effective measures have been taken to identify those attending the event who may potentially be affected with COVID-19, including but not limited to personal testing for the disease or submission of current medical clearances to the organizer.

b. Effective measures have been taken to prevent the spread of infection even by those that are infected while not symptomatic, including the provision of anti-infection measures such as proper face masks, personal sanitation measures, and other measures that may be considered proper.

The State Health Officer's discretion under this section includes the discretion to refer exemption requests from Jefferson and Mobile Counties to the respective County Health Officer for those counties for evaluation as described above.

10. This Order shall remain in full force and effect until 5:00 P.M. on April 17, 2020. Prior to 5:00 P.M. on April 17, 2020, a determination shall be made whether to extend this Order—or, if circumstances permit, to relax this Order.

21

11. This Order supersedes and preempts all orders previously issued by the State Health Officer and Jefferson and Mobile County Health Officers concerning COVID-19 mitigation measures. After the date this amended order is issued, the Jefferson and Mobile County Health Officers are authorized, after approval by the State Health Officer, to implement more stringent measures as local circumstances require.

Done on this 27th day of March, 2020.

Scott Harris, M.D., M.P.H.
State Health Officer

**22**